UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES K. BISHOP,

        Plaintiff, :

  v.
                                  Case No. 2:25-cv-292
                                  Judge Sarah D. Morrison
                                  Magistrate Judge Karen L.
WARDEN JAY FORSHEY,         Litkovitz
*et al.*,                                 :

        Defendants.

## OPINION AND ORDER

James Bishop is an Ohio inmate proceeding without assistance of counsel. Mr. Bishop filed this civil rights action alleging that his constitutional rights were violated while he was incarcerated at the Noble Correctional Facility. In August 2025, Mr. Bishop filed his second motion for preliminary injunction. (ECF No. 26.) The Magistrate Judge issued a Report and Recommendation that Mr. Bishop's motion be denied (R&R, ECF No. 40). The Magistrate Judge also issued an order staying all proceedings other than the pending motion for preliminary injunction. (ECF No. 41.) Mr. Bishop objected to the R&R (ECF No. 46) and the Order (ECF No. 47). The Defendants responded to both Objections (ECF No. 51). The Objections are now ripe for consideration by the Court.

**I.    BACKGROUND**

Mr. Bishop filed his complaint under 42 U.S.C. § 1983, asserting three claims against five defendants. He also filed a motion for preliminary injunction. The Magistrate Judge recommended that all claims (except for the First Amendment

legal mail and retaliation claim against Defendants Perkins, Crossin, and Holiday) as well as the motion for preliminary injunction be dismissed. Mr. Bishop did not object. The Court adopted and affirmed the recommendation. (ECF No. 17.)

On August 19, 2025, Mr. Bishop filed his second motion for preliminary injunction. The Magistrate Judge found that Mr. Bishop did not allege "facts sufficient to warrant a preliminary injunction in this case" and that "the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held"—would not be served here. (R&R, PAGEID# 332.) On the same day, the Magistrate Judge issued an order staying proceedings (other than Mr. Bishop's motion for a preliminary injunction) pending the resolution of a similar case captioned *Shine-Johnson, et al. v. Chambers-Smith, et al.*, 2:22-cv-3236 (S.D. Ohio) (Graham, J.). (Order.) The Magistrate Judge found that staying this case was "in the interest of judicial economy" and would help "to avoid any potentially duplicative litigation and conflicting results." (*Id.*, PAGEID# 336.) Mr. Bishop now objects to both the R&R and the Order.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

### III.  ANALYSIS

#### A.  Objection to Report and Recommendation

Mr. Bishop objects to the R&R on the ground that the Magistrate Judge lacked jurisdiction to rule on his motion for injunctive relief. But the Magistrate Judge did not rule on his motion for injunctive relief. Rather, the Magistrate Judge issued a report and recommendation for this Court's review pursuant to 28 U.S.C. § 636(b)(1)(B). Mr. Bishop's objection to the R&R is **OVERRULED**.

After reviewing the Magistrate Judge's R&R, Mr. Bishop's objection, Defendants' response, and the portions of the record implicated therein, *de novo*, the Court finds no error in the Magistrate Judge's reasoning or conclusion. Thus, the R&R is **ADOPTED** and **AFFIRMED**.

### B. Objection to Order

Mr. Bishop objects to the Magistrate Judge's Order on the ground that a magistrate judge lacks jurisdiction to rule on a motion to stay when there is a claim seeking injunctive relief. There is no support for Mr. Bishop's position. Rather, a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997). The Magistrate Judge's Order was neither clearly erroneous nor contrary to law. Mr. Bishop's objection is **OVERRULED**.

### IV. CONCLUSION

For the reasons above, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 40), and Mr. Bishop's Objections (ECF No. 46 and 47) are **OVERRULED**.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

4